UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )     Chapter 7
GAROLD WILLIAM SADLER,              )
                                    )     Bankruptcy No. 05-00857
      Debtor.                       )

**ORDER RE: OBJECTIONS TO EXEMPTIONS**

This matter came before the undersigned on July 20, 2005 pursuant to assignment. Debtor Garold Sadler was represented by attorney Michael Dunbar. Wesley B. Huisinga appeared as Trustee. Creditor Leslie Pecenka was represented by attorney Chet Mellema. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

**STATEMENT OF THE CASE**

Trustee and Creditor Leslie Pecenka both object to Debtor's claim of exemption in a one-half interest in 8,000 bushels of corn. Ms. Pecenka also objects to Debtor's claimed homestead exemption to the extent it includes an outbuilding/machine shed not appurtenant to the homestead. Debtor resists.

**FINDINGS OF FACT**

On his schedules, Debtor discloses as personal property a 1/2 interest in 8,000 bushels of corn with a value of $7,200. He claims this interest exempt to the extent of $5,000 pursuant to Iowa Code sec. 627.6(11). He also claims an exemption in a homestead in Fairbank, Iowa under Iowa Code chapter 561.

At the hearing, the parties stipulated to the relevant facts. Debtor and his wife have raised feeder pigs in the past and intend to do so in the future. They discontinued operations three years ago on the advice of their veterinarian because of issues regarding diseases in the pigs. Subsequently, Debtor did some custom feeding. At the time Debtor filed his Chapter 7 petition, he was not feeding or raising hogs.

Debtor has a one-half interest valued at $7,200 in 8,000 bushels of corn. His wife is the co-owner of the corn. Debtor and his wife are not currently using the corn as feed

for livestock.  At the hearing, Debtor agreed to liquidate the corn as there are some condition concerns which may reduce the value of the corn.

There are several outbuildings on Debtor's homestead, including grain bins, a hog farrowing unit, a chicken coop, a hog house, a shed and a 36' x 72' machine shed.  Creditor Leslie Pecenka objects that the machine shed is not exempt except to the extent of $300 in value because Debtor uses it for his electrical business.  The county assessor has assessed all the outbuildings as having a total value of $4,700.  Debtor uses a 9' x 18' space in the machine shed to store supplies for his electrical business and parks his truck there.  The machine shed also holds farm equipment.  Debtor and his wife hold the homestead real estate as joint tenants.

## CONCLUSIONS OF LAW

Under Iowa Code sec. 627.10, an Iowa debtor may only claim state law exemptions.  Iowa law dictates the availability and scope of exemptions.  In re Thompson, 884 F.2d 1100, 1102 (8th Cir. 1989).  It is well settled that the Court must construe Iowa exemption statutes liberally.  In re Sears, 246 B.R. 881, 887 (Bankr. S.D. Iowa 2000); Allison-Bristow Comm. School Dist. v. Iowa Civil Rights Comm'n, 461 N.W.2d 456, 458 (Iowa 1990).  The objecting parties bear the burden of proving the issues raised in their objections.  Fed. R. Bankr. P. 4003(c);  In re Stenzel, 301 F.3d 945, 947 (8th Cir. 2002).

## HOMESTEAD AND APPURTENANCES

The homestead right in Iowa is peculiarly favored. Gustafson v. Fogleman, 551 N.W.2d 312, 314 (Iowa 1996).  The Iowa Supreme Court has recently reiterated:

> The purpose of homestead laws is to promote the stability and welfare of the state by encouraging property ownership and independence on the part of the citizen, and by preserving a home where the family may be sheltered and live beyond the reach of economic misfortune.  40 Am. Jur. 2d Homestead § 4, at 253 (1999).  "[T]o secure the benevolent purposes of the homestead laws," we construe these laws broadly and liberally "in favor of the beneficiaries of the legislation."  Millsap v. Faulkes, 236 Iowa 848, 852, 20 N.W.2d 40, 42 (1945).

In re Estate of Tolson, 690 N.W.2d 680, 682 (Iowa 2005).

2

Iowa Code sec. 561.16 exempts homesteads.  A homestead is defined as the home used by the owner, including "the building and other appurtenances thereon, habitually and in good faith used as part of the same homestead."  Iowa Code § 561.1.  Pursuant to Iowa Code sec. 561.3, a homestead

> must not embrace more than one dwelling house, or any other buildings except such as are properly appurtenant thereto, but a shop or other building situated thereon, actually used and occupied by the owner in the prosecution of the owner's ordinary business, and not exceeding three hundred dollars in value, is appurtenant thereto.

In In re Sueppel's Estate, 124 N.W.2d 154, 156 (Iowa 1963), the Iowa Supreme Court found that farm buildings including a barn, corn crib, machine shed, feed house and farrowing house were correctly included in the homestead exemption as appurtenant to the use of the farm as a homestead.  Id. at 157.  It found that sec. 561.3 addressing exemption of an appurtenant building used in business was not applicable where the appurtenant buildings are used as part of a farm homestead.  Id.  This Court applied Sueppel's Estate in In re Wagner, Adv. 00-9050, slip op. at 7 (Bankr. N.D. Iowa July 27, 2000), aff'd 259 B.R. 694 (B.A.P. 8th Cir. 2001), finding that buildings used by the debtors to conduct farming operations were exempt and the $300 limitation of sec. 561.3 was not applicable.  Compare In re Sears, 256 B.R. 881, 888 (Bankr. S.D. Iowa 2000) (distinguishing Sueppel's Estate in case where buildings were used in debtors' repair and salvage business).

### CORN

"Livestock and feed for the livestock reasonably related to a normal farming operation" are exempt under sec. 627.6(11)(b) if the debtor is engaged in farming.  Debtors who have ceased farming but sincerely intend to return to farming may claim the sec. 627.11 exemptions.  In re LaFond, 791 F.2d 623, 626 (8th Cir. 1986); In re Mausser, 225 B.R. 667, 671 (Bankr. N.D. Iowa 1998).  In this case, Trustee stipulates that there is no evidence to suggest that Debtor's intent to return to feeding or raising pigs is not sincere.

This court has previously considered exemption of feed for livestock under Iowa Code sec. 627.6(11)(b) in In re Holthaus, No. 96-61345 (Bankr. N.D. Iowa Nov. 4, 1996).  In that case, the Court concluded that corn held by the debtors

3

was not exempt under sec. 627.6(11)(b) because the debtors no longer had livestock to feed. <u>Holthaus</u>, slip op. at 6.

### CONCLUSIONS

Applying the foregoing to this case, the Court concludes that Debtor's one-half interest in the 8,000 bushels of corn is not exempt. Debtor is no longer feeding pigs so the corn does not qualify for exemption as feed for livestock.

The machine shed is exempt as appurtenant to the farm homestead. It is used in Debtor's farming operations. The fact that a small portion of the square footage of the building is used to store Debtor's business supplies and vehicle does not undermine its exempt character. Ms. Pecenka has failed to meet her burden to prove that the machine shed is a shop used in Debtor's nonfarming business exceeding three hundred dollars in value under sec. 561.3.

**WHEREFORE**, Trustee's Objection to Exemption is GRANTED.

**FURTHER**, Leslie Pecenka's Objection to Exemptions is GRANTED IN PART and DENIED IN PART.

**FURTHER**, Debtor is not entitled to exempt his one-half interest in 8,000 bushels of corn with a reported value of $7,200.

**FURTHER**, Debtor is entitled to claim the machine shed exempt as appurtenant to his farm homestead.

DATED AND ENTERED: July 29, 2005

PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE